UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY O'BRIEN,

        Plaintiff,

v.                                                                              CASE NO.: 20-cv-01452-KPF

BANK OF NEW YORK MELLON CORPORATION,
BNY MELLON INVESTMENT SERVICING (US)
INC., and BNY MELLON CAPITAL MARKETS,

        Defendants.

## STIPULATION AND [PROPOSED] ORDER RE: CONFIDENTIALITY

AND NOW, this 21st day of August, 2020, it appearing that discovery in the above-captioned action is likely to involve the disclosure of Confidential information, Plaintiff Jeffrey O'Brien and Defendants The Bank of New York Mellon Corporation, BNY Mellon Investment Servicing (UC) Inc., and BNY Mellon Capital Markets, LLC (together, "BNY Mellon"), hereby agree and, for good cause shown, it is hereby STIPULATED AND ORDERED that:

    1.    It is the purpose of this Protective Order to allow the parties to have reasonable access to discoverable information from other parties while protecting information that a party contends constitutes trade secret, confidential information, proprietary information, medical information, social security numbers, or private information not generally available to the public.

    2.    This Protective Order shall govern all pleadings and all forms of discovery, including testimony given at any deposition in this action, and all answers, documents, and other discovery materials or things disclosed by one party herein to another whether informally or in response to interrogatories, requests for admissions, or requests for production of documents, now

pending or hereafter served or transpiring, and any information obtained therefrom, and documents and things provided by third parties.

      3.      Any party to this action (hereinafter the "designating party") shall have the right to designate as "Confidential" or "Attorneys' Eyes Only" any documents or information it believes in good faith to constitute trade secrets, Confidential, proprietary information, medical information, social security numbers, or private information not generally available to the public (hereinafter the "designated material"). Information that may be designated as "Confidential" includes, but is not limited to information that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets or proprietary business information; (c) research, technical, commercial, design, development, marketing, planning, private or Confidential personal information, customer information, commercial information, or financial information that the party has maintained as Confidential; (d) medical information concerning any individual; (e) personal identity information; or (f) personnel or employment records of a person who is not a party to the case. Designating documents and things as "Attorneys' Eyes Only," shall be an exceptional classification to be applied to highly sensitive business documents, including but not limited to extremely sensitive, highly Confidential, non-public information consisting either of trade secrets or proprietary or other highly Confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the producing or designating party. Once a party designates material in accordance with this Protective Order, the parties shall similarly designate all copies thereof.

4. Before service on or production to any other party, a designating party, in good faith, may designate "Confidential" or "Attorneys' Eyes Only" information by marking each item or page with the plainly legible words, "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY."

5. The inadvertent failure to designate a document as "Confidential" or "Attorneys' Eyes Only" does not constitute a waiver of such claim, and a party may so designate a document after it has been produced by notifying in writing counsel for all other parties who will then so mark the designated information. Thereafter, counsel for all other parties shall treat the designated material as "Confidential" or "Attorneys' Eyes Only" information, as appropriate, and shall take reasonable steps to reclaim any such designated information which may have reached the possession of any persons not authorized under this Protective Order to receive such information.

6. Deposition transcripts may be designated either: (a) before the Court reporter transcribes the testimony, in which case each page of the portion of the transcript of the designated testimony shall be marked "Confidential" or "Attorneys' Eyes Only" by the reporter, as the designating party may direct; or (b) by written notice to the Court reporter and all counsel of record, within thirty (30) calendar days after the Court reporter notifies the parties that the transcript has been prepared, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. All testimony elicited during depositions, hearings, and other proceedings shall be deemed "Confidential" until the expiration of thirty (30) calendar days after notification by the Court reporter that the transcript has been prepared.

7. The restrictions and obligations set forth herein relating to designated material shall not apply to any information which the parties agree, or the Court rules: (a) was or becomes public knowledge other than as result of disclosure by the receiving party; or (b) has come or shall come

into the receiving party's legitimate possession and independently of the providing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any designated material if the parties agree or the Court rules that said person already had or obtained possession thereof legitimately.

8.  All information produced under this Protective Order is to be used solely for this action and for no other purposes. No person may disclose in public or private, information designated "Confidential" or "Attorneys' Eyes Only," except as set forth in this Protective Order. Persons having access to "Confidential" and "Attorneys' Eyes Only" information shall not disclose or provide such information to any person not authorized under this Protective Order. However, nothing contained in this Protective Order shall affect the right of any designating party to disclose to its officers, directors, employees, or experts information designated solely by that party as "Confidential" or "Attorneys' Eyes Only," or to otherwise use and/or disclose its own designated material as it deems appropriate. When not in actual use, each person receiving designated information shall maintain such information in a reasonably secure and safe manner, and for electronically stored information, shall ensure that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own private, proprietary, sensitive, or Confidential information.

9.  Any person in possession of "Confidential" or "Attorneys' Eyes Only" information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and Confidentiality of such information, protect against any reasonably anticipated threats or hazards to the security of such information, and protect against unauthorized access to such information. To the extent a party or

person does not have an information security program, they may comply with this provision by having the "Confidential" or "Attorneys' Eyes Only" information managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program. If a receiving party or authorized recipient discovers any loss of "Confidential" or "Attorneys' Eyes Only" information or a breach of security, including any potential or suspected unauthorized access, relating to another party's Confidential information, the receiving party or authorized recipient shall: (1) immediately provide written notice to the producing or designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide the producing or designating party with assurances reasonably satisfactory to the producing or designating party that such breach shall not recur; and (3) provide sufficient information about the breach that the producing or designating party can reasonably ascertain the size and scope of the breach. The receiving party or authorized recipient shall cooperate with the producing or designating party or law enforcement in investigating any such security incident. In any event, the receiving party or authorized recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

10.     Information designated "Confidential" by a party may be disclosed, on a need-to-know basis, only to: (a) partners, officers, directors, or managing agents of the parties; (b) counsel of record for the parties, their legal associates, and regularly employed office staffs; (c) independent consulting or trial experts for a receiving party, if, before such disclosure, each said expert executes an acknowledgment of the terms of this Protective Order in the form attached hereto as Exhibit A; (d) Court reporters employed by the parties to transcribe deposition testimony or similar proceedings; (e) non-party witnesses in this Litigation to whom disclosure is reasonably necessary for the purposes of deposition or trial testimony, if, before such disclosure each such

witness executes an acknowledgment of the terms of this Protective Order in the form attached hereto as Exhibit A; (f) any mediator(s) or settlement officer(s) mutually agreed upon by the parties; (g) employees of discovery or copy services, trial support firms and or other litigation support vendors who are engaged by the parties during this Litigation, but only after such service or support firm executes the acknowledgment of the terms of this Protective Order in the form attached as Exhibit A; and (h) the Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court).

11. Information designated "Attorneys' Eyes Only" by a party may be disclosed, on a need-to-know basis, only to: (a) counsel of record for the parties, their legal associates and regularly employed office staffs; (b) independent consulting or trial experts for a receiving party, if, before such disclosure, each said expert executes an acknowledgment of the terms of this Protective Order in the form attached hereto as Exhibit A; (c) Court reporters employed by the parties to transcribe deposition testimony or similar proceedings; (d) any mediator(s) or settlement officer(s) mutually agreed upon by the parties; (e) employees of discovery or copy services, trial support firms and or other litigation support vendors who are engaged by the parties during this Litigation, but only after such service or support firm executes the acknowledgment of the terms of this Protective Order in the form attached as Exhibit A; and (f) the Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court).

12. Before obtaining access to any "Confidential" or "Attorneys' Eyes Only" information covered by this Protective Order, each person, other than counsel, their legal associates and regularly employed office staffs, who are permitted to have access to such information under this Protective Order must signify assent to the terms of this order by executing

an acknowledgment indicating that he or she has read and understood this Protective Order and agrees to be bound by its terms, in the form attached hereto as Exhibit A.

13. If any party intends to summarize, discuss, or otherwise use "Confidential" or "Attorneys' Eyes Only" information at any deposition, hearing, or the trial of this action, all persons, other than those entitled to access to such information, shall be excluded from attendance at the deposition hearing or trial of this action, unless the parties otherwise agree in writing, or the Court otherwise orders. Partners, officers, directors or managing agents of the other party shall not be excluded from any portion of a trial or hearing except as absolutely necessary.

14. Any party filing documents that contain Confidential or Highly Confidential Discovery Material shall either redact such Confidential or Highly Confidential Information or shall request that the document, or portions thereof, containing such information be filed and maintained under seal of the Clerk of the United States District Court for the Southern District of New York prior to filing such Discovery Material.

15. All documents and materials filed or lodged with the Court, including but not limited to hearing transcripts, deposition transcripts, exhibits, discovery responses, briefs, or memoranda of points and authorities, which comprise, embody, summarize, discuss, quote, or contain any information designated "Confidential" or "Attorneys' Eyes Only" shall be separately designated in accordance with the terms of this Protective Order.

16. Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to this Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

17.     If any party intends to offer in evidence at trial or in any other proceedings in open court any Discovery Material designated as Confidential Discovery Material or Highly Confidential Discovery Material, it shall serve reasonable advance notice thereof on all other parties and concerned non-parties, if any, in order to afford the parties and non-parties the opportunity to bring before the Court the matter of the protection of the confidentiality of those materials or that information. This Stipulation and Order shall apply to all documents and information produced and shared during discovery, but shall not apply to information and documents shared during any trial in this matter.

18.     The designation of information as "Confidential" or "Attorneys' Eyes Only" shall not determine, affect, or otherwise constitute an admission or permit an inference of any other party about whether such information comprises a trade secret, Confidential, or proprietary information. No party shall be obligated to challenge the propriety of such designation by any other party at the time of receipt of such information, and a failure to do so shall not preclude a later challenge to the propriety of the designation. However, all material designated as "Confidential" or "Attorneys' Eyes Only" shall remain designated as such until the Court rules to the contrary or until the designating party agrees in writing to withdraw or change the designation.

19.     This Protective Order shall not foreclose a party from moving for an Order that any designated material is not, in fact, Confidential. In any such motion, the party asserting the Confidentiality of the materials at issue shall bear the burden of proof of the need for Confidentiality. Prior to the filing of any motion seeking an Order that any designated material is not, in fact, Confidential, the parties must meet and confer in good faith regarding the designated material at issue.

20. This Protective Order shall not abrogate or diminish any contractual, statutory, common law, or other legal obligation or right of any party or person concerning trade secret, Confidential, or proprietary information. By stipulating to the entry of this Protective Order, no party shall waive any right to assert a claim of privilege, relevance, or other grounds for not producing information requested or demanded. Access to such information shall be allowed by separate agreement of the parties, or by order of the Court.

21. In the event that a producing party discovers that information or documents that are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced, the producing party shall notify the receiving party within a reasonable time after discovery of the error and provide a privilege log to the receiving party that complies with the Federal Rules of Civil Procedure. The receiving party shall return all copies of the information or documents to the producing party within fourteen (14) days of receipt of such notice. However, within fourteen (14) days of receipt of such notice, if the receiving party wishes to challenge the producing party's assertion of privilege, the receiving party may, with notice to the producing party, provide the Court with one (1) copy of the disputed privileged material for in camera review together with an explanation as to why the information or documents should not be deemed privileged. The producing party shall then have fourteen (14) days to make a submission to the Court regarding why the disputed privileged material should be considered privileged. The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or the work product doctrine. The fact that privileged documents are returned shall not be construed as an admission by the receiving party that the documents are in fact subject to the attorney-client privilege or the work-product doctrine

22.     Nothing in this Protective Order shall be construed to preclude any party or third party from seeking and obtaining, on an appropriate showing, different or additional protection for any information or relief from any provision of this Protective Order; nor shall this Protective Order preclude any party from claiming that any information designated hereunder is not entitled to the designation originally provided.

23.     Upon final disposition of this action, and request of the designating or producing party, all designated information provided to a receiving party, shall be returned to the designating or producing party. As an alternative to the provisions of this Paragraph, a party may destroy all designated documents and certify the destruction in writing to the other party. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated information, so long as that work product does not duplicate verbatim substantial portions of the text or images of Confidential documents. This work product shall continue to be Confidential under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use designated documents.

24.     The terms of this Protective Order shall not end upon termination of this action, except by written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause. This Order does not supersede or displace any prior agreement or Order pertaining to inadvertent disclosures or confidential information.

| For Plaintiff: | For Defendants: |
|---|---|
| */s Christopher Howard Lowe*<br>Christopher Howard Lowe<br>Lipsky Lowe LLP | */s W. John Lee*<br>W. John Lee<br>Morgan, Lewis & Bockius LLP |

The Court retains the right to allow disclosure of any subject covered by this Agreement or to modify this Agreement at any time in the interest of justice.

APPROVED BY THE COURT:

_____
Judge Katherine Polk Failla

## **EXHIBIT A**

I have read the Confidentiality Agreement between Jeffrey O'Brien and BNY Mellon, and I understand the responsibilities and obligations the Agreement of Confidentiality imposes on persons to whom information designated as Confidential and Highly Confidential is disclosed. In accordance with Paragraphs 8 and 9 of the Confidentiality Agreement, I agree to comply with the Confidentiality Agreement with regard to all material marked Confidential or Attorneys' Eyes Only being disclosed to me.

This _____ day of _____, 20\_\_.